

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRUHASPATY PRASAD,<br><br>Defendant. | Criminal No. 1:22-cr-40<br><br>18 U.S.C. § 1349<br>Conspiracy to Commit Wire Fraud<br>(Count 1)<br><br>Forfeiture Allegation |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant BRUHASPATY PRASAD was a resident of McLean, Virginia, within the Eastern District of Virginia.

2. At various times, PRASAD was the president and organizer of three entities – PROTECHAID LLC ("PROTECHAID"), TOTALWEBAID LLC ("TOTALWEBAID"), and OMNIWEBAID LLC ("OMNIWEBAID").

3. A fourth entity, PROWEBGUARD LLC ("PROWEBGUARD") was established by PRASAD's accountant, R.B., in or around November 2020, and was ostensibly operated by one of PRASAD's associates, U.S., who also resided in the Eastern District of Virginia.

4. PRASAD partnered with others, including A.D., R.S., and S.M., in operating PROTECHAID, TOTALWEBAID, OMNIWEBAID, and PROWEBGUARD (collectively,

1

"PRASAD's businesses"). PRASAD's businesses purported to offer information technology support services to clients.

5. A.D., R.S., and S.M. reside in India. A.D. is the founder of GLOBALNOV PVT LTD ("GLOBALNOV"). At various times, PRASAD, doing business as TOTALWEBAID and OMNIWEBAID, entered agreements for services with GLOBALNOV.

6. A.D., R.S., S.M., and others operated a "call center" located in India with approximately 10 employees.

7. PRASAD communicated with A.D., R.S., S.M., U.S., and others using WhatsApp, a multiplatform messaging service that enables users to chat via the Internet directly or in groups using text, voice, and video.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

Beginning in at least April 2016, and continuing through at least September 2021, the exact dates being unknown, in the Eastern District of Virginia and within the jurisdiction of this Court, and elsewhere, defendant BRUHASPATY PRASAD, and others known and unknown, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree to commit wire fraud, an offense contained within Chapter 63 of Title 18 of the United States Code, that is, having knowingly devised and intended to devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to submit and cause to be submitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States, Section 1343.

## WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The ways, manner, and means by which the foregoing objectives of the conspiracy to commit wire fraud were to be accomplished included, but were not limited to, the following:

1. The primary purpose of the conspiracy and the scheme and artifice was to convince unwitting victims to make payments to one or more of PRASAD's businesses associated with issues or services related to their personal computers when, in truth and in fact, the victims of this offense received no legitimate services from the businesses.

2. It was part of the conspiracy and the scheme and artifice that many victims received "pop-up" notices on their computers containing a telephone number for one of PRASAD's businesses or a telephone call from someone claiming to be associated with the businesses advising them of various purported issues with their computers and online retail accounts. Through these notices and telephone calls, conspirators transmitted information via wire communications in interstate and foreign commerce.

3. It was further part of the conspiracy and the scheme and artifice that, through these contacts, conspirators convinced victims to sign contracts for services with PRASAD's businesses in which the victims agreed to pay the businesses to remedy the purported issues with their computers.

4. It was further part of the conspiracy and the scheme and artifice that PRASAD's businesses received payments from victims into various bank accounts controlled by PRASAD and/or his associate, U.S.

5. It was further part of the conspiracy and the scheme and artifice that, thereafter, conspirators continued to contact victims to notify them of various other and additional

purported issues with their computers, thereby transmitting further information via wire communications in interstate and foreign commerce.

6. It was further part of the conspiracy and the scheme and artifice that, through these contacts, conspirators caused victims to sign additional service agreements with and remit additional payments to PRASAD's businesses.

7. It was further part of the conspiracy and the scheme and artifice that PRASAD transferred a portion of the money that his businesses received from victims to Indian bank accounts in the name of GLOBALNOV, PROTECHAID, and various other entities, while he retained custody and control of the remaining funds. These transfers involved the transmission of information via wire communications in interstate and foreign commerce.

8. It was further part of the conspiracy and the scheme and artifice that victims did not receive any legitimate services from PRASAD's businesses, as promised.

9. It was further part of the conspiracy and the scheme and artifice that PRASAD received communications from victims regarding service agreements and payments for purported computer services at various email addresses associated with PRASAD's businesses.

10. It was further part of the conspiracy and the scheme and artifice that PRASAD's business continued to obtain funds from victims following several complaints to PRASAD and others, including the Better Business Bureau, and negative online reviews regarding the fraudulent nature of PRASAD's businesses.

11. It was further part of the conspiracy and the scheme and artifice that, after receiving notice of such complaints and negative reviews regarding one business, PRASAD closed that business and replaced it with another, effectively operating the same business under a different name.

12. It was further part of the conspiracy and the scheme and artifice that, in addition to closing and renaming his businesses as complaints grew, PRASAD, in at least one instance, instructed A.D., R.S., S.M., and others by email to ignore a complaint from another individual involved in his businesses. This communication involved the transmission of information via wire communications in interstate and foreign commerce.

13. As a result of the conspiracy and the scheme and artifice, PRASAD, A.D., R.S., S.M., and others defrauded at least 1,300 victims of more than $1.6 million and thereby obtained money to which they were not entitled.

(In violation of Title 18, United States Code, Sections 1349 and 1343).

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) Fed. R. Crim. P., defendant, BRUHASPATY PRASAD, is hereby notified that upon conviction of any of the offenses alleged in Count One of this Information, he shall forfeit to the United States any property constituting, or derived, from proceeds obtained directly or indirectly, as a result of such violation.

The property subject to forfeiture includes, but is not limited to, the following:

A sum of money of at least $808,991.74, which represents the actual proceeds of the above-described scheme that the defendant personally obtained and which shall be reduced to a money judgment against the defendant in favor of the United States.

If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(All in accordance with Title 18, United States Code, Section 982(a)(2)(A) and Title 21, United States Code, Section 853(p)).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: *Kaitlin G. Cooke*
Jamar K. Walker
Kaitlin G. Cooke
Assistant United States Attorneys